IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division



SEP -3 2013

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

MAURICE WILLIAMS,

          Plaintiff,

v.                        Civil Action No. 1:13-cv-1102 LO/TCB

EXPERIAN INFORMATION
SOLUTIONS, INC.,
Serve: David N. Anthony, Registered Agent
       1001 Haxall Point
       Richmond, VA 23219

and

TRANS UNION, LLC,
Serve: Corporation Service Company, Registered Agent
       Bank of America Center, 16th Floor
       1111 East Main Street
       Richmond, VA 23219

and

EQUIFAX INFORMATION SERVICES, LLC.

SERVE:   Corporation Service Company, Registered Agent
             Bank of America Center, 16th Floor
             1111 East Main Street
             Richmond, VA 23219

                    Defendants.

## COMPLAINT

The Plaintiff, MAURICE WILLIAMS, by counsel, and for his Complaint against Defendants, alleges as follows:

### PRELIMINARY STATEMENT

1.    This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to 15 U.S.C. § 1681 *et seq.* (Federal Fair Credit Reporting Act or

"FCRA"). Plaintiff obtained a copy of his credit reports from Equifax, Experian, and Trans Union and discovered that the Defendants were inaccurately reporting an outstanding judgment which had been satisfied four years before he obtained his credit reports.

2. Experian, Equifax and Trans Union use an automated and systematic procedure to gather and report derogatory judgments in consumer credit reports. However, Defendants do not follow similar procedures to gather updated information from the same agencies when the judgment is satisfied, vacated or otherwise removed. Defendants' failure to timely gather updated information regarding these judgments is a violation of 15 U.S.C. § 1681e(b) because Defendants have not implemented reasonable procedures to ensure the maximum possible accuracy in the preparation of the consumer reports that they furnished regarding the Plaintiff. Moreover, the Defendants failed to clearly and accurately disclose to Plaintiff the sources of the information within his file, including but not limited to the agencies that directly provided the information to the Defendants.

## JURISDICTION

3. The jurisdiction of this Court is conferred by the FCRA, 15 U.S.C. § 1681(p) and 28 U.S.C. §1331.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1).

## PARTIES

5. The Plaintiff, MAURICE WILLIAMS ("Plaintiff"), is a natural person and a consumer as defined by 15 U.S.C. § 1681a(c).

6. Upon information and belief, EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian") is a corporation authorized to do business in the Commonwealth of Virginia through its registered offices in Richmond, Virginia.

7. Upon information and belief, Experian is a "consumer reporting agency," as defined in 15 U.S.C. §1681(f). Upon information and belief, Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d) to third parties.

8. Upon information and belief, Experian disburses such consumer reports to third parties under contract for monetary compensation.

9. Upon information and belief, TRANS UNION, LLC ("Trans Union") is a corporation authorized to do business in the Commonwealth of Virginia through its registered offices in Richmond, Virginia.

10. Upon information and belief, Trans Union is a "consumer reporting agency," as defined in 15 U.S.C. §1681(f). Upon information and belief, Trans Union is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d) to third parties.

11. Upon information and belief, Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

12. Upon information and belief, EQUIFAX INFORMATION SERVICES, LLC. ("Equifax") is a corporation authorized to do business in the State of Virginia through its registered offices in Richmond, Virginia.

13. Upon information and belief, Equifax is a "consumer reporting agency", as defined in 15 U.S.C. §1681(f). Upon information and belief, Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d) to third parties.

14. Upon information and belief, Equifax disburses such consumer reports to third parties under contract for monetary compensation.

## FACTS

15. In January 2013, Mr. Williams obtained a copy of his credit report after he applied for a mortgage loan. At this time, Mr. Williams discovered that the credit bureaus were not properly reporting the status of public records on his credit report.

16. Specifically, Equifax and Trans Union were reporting that an outstanding judgment against Mr. Williams from November 2007 in the amount of $3,543.

17. On the other hand, Experian was reporting this same judgment multiple times within Plaintiff's credit file and under different identification numbers.

18. The reporting of the judgment was inaccurate and/or incomplete and occurred because Defendants failed to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it publishes and maintains concerning Plaintiff.

19. Specifically, Defendants do not follow the same automated and systematically rigorous processes to obtain satisfactions of judgments that Defendants follow to obtain the initial derogatory entry of the judgment.

20. In Plaintiff's instance, if Equifax and Trans Union had followed such procedures, it would have reported an update in the records showing that the judgment had been satisfied on August 27, 2009.

21. Such information regarding the satisfaction of Plaintiff's judgment was publically available -- free and easily accessible to Equifax and Trans Union.

22. Yet, upon information and belief, the Equifax and Trans Union still failed to adopt reasonable procedures (or any procedures whatsoever) to update and correct its public record information concerning judgments entered in the Nassau County to ensure the maximum possible accuracy of the reporting of these judgments.

23. Moreover, upon information and belief, Experian failed to adopt reasonable procedures (or any procedures whatsoever) to update and correct its public record information concerning judgments, which resulted Experian's reporting that multiple judgments were obtained against the Plaintiff.

**Defendants Misrepresent the Source of the Information in Plaintiff's Credit File**

24. On or around March 2013, Plaintiff again requested a copy of his credit file from the Defendants.

25. In response, the Defendants provided Plaintiff with the information in his credit file, including the judgment. Once again, Plaintiff's credit file with Trans Union and Equifax was inaccurately and/or incompletely reporting the status of the judgment because neither credit bureau updated its records to reflect that the judgment was satisfied in November 2009.

26. Moreover, each Defendant failed to provide the name of the source of the information as required by 15 U.S.C. § 1692g(a)(2).

5

27. In particular, Plaintiff's Trans Union consumer report merely identifies the "Nassau Cnty Clerk" as the source of the information. To that end, Plaintiff's Trans Union report indicated that the source was located at "240 Old Country Road, Mineola, NY 11501".

28. Contrary to this representation, Trans Union never received any reporting from the Nassau County Clerk or anyone located at 240 Old Country Road, Mineola, NY 11501.

29. Similarly, Plaintiff's Equifax consumer report altogether failed to identify the source of the information. Instead, Plaintiff's Equifax report merely provided a court case number and address for the Office of the Nassau County Clerk.

30. Contrary to this representation, Equifax never received any reporting from the Nassau County Clerk or anyone located at 240 Old Country Road, Mineola, NY 11501.

31. Likewise, Plaintiff's Experian consumer report identified the "Nassau County Reg" and "Nassau Cty Suprm Ct" as the source of the information for the multiple judgments within Plaintiff's report. Plaintiff's Experian consumer report also provided different addresses for the source of the information within Plaintiff's file, including 240 Old Country Road, Mineola, NY 11501 and 100 Supreme Court Drive, Sup. Bldg., Mineola, NY 11501.

32. Contrary to this representation, Experian never received any reporting from the Nassau County Clerk or the Nassau County Supreme Court. Moreover, Experian never received any reporting from anyone located at 240 Old Country Road, Mineola, NY 11501 or 100 Supreme Court Drive, Sup. Bldg., Mineola, NY 11501.

33. Instead, as a matter of common practice, Defendants obtain their public record information they report about consumers from an intermediary entity that resells its database to

the Defendants. Defendants do not receive any public records from the Nassau County Clerk, Nassau County Supreme Court, or Nassau County "Reg".

34. Moreover, if and when Defendants receive a request from the consumer for the information in the consumer's credit file, it never contacts the original source of the information but instead contacts the undisclosed private company (also referred to as the "Vendor") from which it purchased the reports. Defendants rely solely on this Vendor to respond to a consumer's communications regarding public records. Furthermore, only this Vendor has the authority or means to make a correction to the public records database.

35. Upon information and belief, these Vendors are paid for each derogatory public record it discovers and reports to the Defendants.

36. Upon information and belief, the Vendors are paid less, or not at all, when it updates a public record as satisfied, released, or otherwise removed.

37. The Vendor is a "source" as governed by the FCRA and triggers certain responsibilities for the Defendants about the data furnished through this relationship.

38. Notwithstanding this reality, Defendants failed to disclose and/or falsely advised Plaintiff about the source of the information in his credit file.

39. At all times pertinent to this Complaint, Defendants' conduct was willful and carried out in reckless disregard for a consumer's rights under the FCRA. By example only and without limitation, the Defendant's conduct is willful because it was intentionally accomplished through intended procedures; these procedures have continued despite the fact that the Defendants have already been subject to court decisions in other states critical of its similar conduct; and the Defendants will continue to engage in this conduct because they believe that

7

there is a greater economic value in collecting and reporting derogatory public record judgment information than to update consumers' reports with information that would fully cancel or render the previous reporting of the public record irrelevant.

40. Defendants furnished multiple consumer reports regarding Plaintiff to third parties containing the inaccurate information alleged herein.

41. At all times pertinent to this Complaint, Defendants were acting by and through its agents, servants, and/or employees who were acting within the ordinary course and scope of their agency or employment, and under the direct supervision and control of the Defendants.

### Equifax Fails to Conduct a Reasonable Investigation

42. On or around April 2, 2013, Plaintiff mailed a written dispute letter to Equifax, which explained that the judgment was paid in full and a certificate of satisfaction was entered in the Nassau County Court in November 2009. Plaintiff's letter further enclosed a copy of a letter dated September 8, 2010 from the judgment creditor, which indicated that the account was paid off.

43. The letter requested that Equifax investigate the status of the judgment and to remove the inaccurate information within his credit file.

44. On or around April 8, 2013, Equifax provided its Investigation Results to the Plaintiff. Shockingly, Equifax's Investigation Results did not even mention the judgment. Instead, Equifax's Investigation Results updated the status 4 accounts not even referenced in the Plaintiff's dispute letter.

45. On or around May 1, 2013, Plaintiff mailed a follow-up written dispute letter to Equifax, which explained that Plaintiff was not disputing the 4 accounts, but rather Equifax's

8

reporting of the judgment entered against Plaintiff. Plaintiff also enclosed a copy of his original dispute letter to further demonstrate that Equifax's Investigation Results did not properly correct the judgment.

46. On or around May 6, 2013, Equifax provided its Investigation Results to the Plaintiff. Shockingly, Equifax's Investigation Results once again failed to reference the judgment whatsoever. Instead, Equifax's Investigation Results reported on the status of the same 4 accounts, which were never referenced in either of Plaintiff's dispute letters.

47. Equifax, in all regards, failed to perform a meaningful and searching inquiry into the substance of Plaintiff's dispute, causing him significant damages.

## COUNT ONE: VIOLATION OF FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681e(b)
## (EXPERIAN, EQUIFAX AND TRANS UNION)

48. Plaintiff realleges and incorporates all other factual allegations set forth in the Complaint.

49. Experian, Equifax and Trans Union violated 15 U.S.C. §1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit report and credit files it published and maintained.

50. As a result of Defendants' violations of 15 U.S.C. §1681e(b), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental, physical and emotional distress.

51. The violations by Defendants were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the

alternative, Defendant was negligent, which entitles Plaintiff to recovery under 15 U.S.C. §1681o.

52. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and §1681o.

### COUNT TWO: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681g(a)(2)
### (EXPERIAN, EQUIFAX AND TRANS UNION)

53. Plaintiff realleges and incorporates all other factual allegations set forth in the Complaint.

54. Experian, Equifax and Trans Union violated 15 U.S.C. §1681g(a)(2) by failing to clearly and accurately disclose to Plaintiff (and/or falsely misrepresenting) the sources of the information within Plaintiff's file, including but not limited to the entities that directly provided the information to the Defendants.

55. As a result of Defendants' violations of 15 U.S.C. §1681g(a)(2), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental, physical and emotional distress.

56. The violations by Defendants were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Defendants were negligent, which entitles Plaintiff to recovery under 15 U.S.C. §1681o.

57. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and §1681o.

### COUNT THREE: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681i(a)(1)
### (EQUIFAX)

58. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

59. Equifax violated 15 U.S.C § 1681i(a)(1) by its conduct which includes, but is not limited to, failing to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate and to subsequently delete the information from the file.

60. As a result of this conduct, the Plaintiff suffered actual damages.

61. Equifax's conduct, actions, and inaction were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

62. The Plaintiff is therefore entitled to recover actual damages, statutory damages, punitive damages, costs, and his attorneys' fees from the Equifax pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

### COUNT FOUR: VIOLATION OF FAIR CREDIT REPORTING ACT
### Violation of 15 U.S.C. § 1681i(a)(2)
### (EQUIFAX)

63. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

64. Defendant violated 15 U.S.C § 1681i(a)(2) by its conduct which includes, but is not limited to, failing to send to the furnisher all relevant information that it received in Plaintiff's dispute letter.

65. As a result of this conduct, the Plaintiff suffered actual damages.

66. Defendant's conduct, actions, and inaction were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

67. The Plaintiff is therefore entitled to recover actual damages, statutory damages, punitive damages, costs, and his attorneys' fees from the Defendant pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

### COUNT FIX: VIOLATION OF FAIR CREDIT REPORTING ACT
### Violation of 15 U.S.C. § 1681i(a)(4)
### (EQUIFAX)

68. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

69. Equifax violated 15 U.S.C § 1681i(a)(4) by its conduct which includes, but is not limited to, failing to review and consider all relevant information that it received in Plaintiff's communications.

70. As a result of this conduct, the Plaintiff suffered actual damages.

71. Equifax's conduct, actions, and inaction were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

72. The Plaintiff is therefore entitled to recover actual damages, statutory damages, punitive damages, costs, and his attorneys' fees from the Equifax pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

## COUNT SIX: VIOLATION OF FAIR CREDIT REPORTING ACT
### Violation of 15 U.S.C. § 1681i(a)(5)
### (EQUIFAX)

73. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

74. Equifax violated 15 U.S.C § 1681i(a)(5) by its conduct which includes, but is not limited to, failing to delete any information that was the subject of Plaintiff's disputes and that was inaccurate or could not be verified.

75. As a result of this conduct, the Plaintiff suffered actual damages.

76. Defendant's conduct, actions, and inaction were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

77. The Plaintiff is entitled to recover actual damages, statutory damages, costs, and his attorneys' fees from the Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

**TRIAL BY JURY IS DEMANDED.**

Respectfully Submitted,
**MAURICE WILLIAMS**

By _____
Counsel

Kristi Cahoon Kelly, VSB#72791
Andrew J. Guzzo, VSB #82170
SUROVELL, ISAACS, PETERSEN & LEVY, PLC
4010 University Drive, Second Floor
Fairfax, Virginia 22030
(703) 251-5400 – Telephone
(703) 591-9285 – Facsimile
Email: kkelly@siplfirm.com
Email: aguzzo@siplfirm.com
*Counsel for Plaintiff*